UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOE BISCAHA, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

US MORTGAGE LENDERS LLC,

Defendant.

Case No. 1:25-cv-20310-ALTMAN

### DEFENDANT US MORTGAGE LENDERS LLC'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant US Mortgage Lenders LLC ("Defendant" or "USML") files its answer and affirmative defenses to Plaintiff Joe Biscaha's ("Plaintiff") putative Class Action Complaint ("Complaint") [ECF No. 1] and states as follows:

### CLASS ACTION COMPLAINT[1]

1.      Defendant admits that Plaintiff has filed this action and states that the allegations and causes of action in the Complaint speak for themselves. Except as so admitted, Defendant denies the allegations herein and denies that it is liable under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

### NATURE OF ACTION

2.      Defendant admits that Plaintiff has filed a putative class action pursuant to the TCPA. Defendant denies that Defendant is liable under the TCPA.

3.      Defendant admits that Defendant is a privately managed mortgage company headquartered in Hollywood, Florida. Defendant denies that it engages in or has engaged in unsolicited marketing and denies that any consumers have been harmed in said marketing.

---

[1] For ease of reading, Defendant includes the headings used in Plaintiff's Complaint. By doing so, Defendant does not admit any factual allegations in those headings.

4.      Defendant admits that Plaintiff seeks injunctive relief, statutory damages, and other legal or equitable remedies, but denies that Plaintiff is entitled to any relief and denies the remaining allegations contained in Paragraph 4.

## JURISDICTION AND VENUE

5.      Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendant admits that this Court has subject matter jurisdiction. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 5 of the Complaint and thus denies those allegations.

6.      Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendant is not currently contesting venue in this matter, but lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations concerning Plaintiff's residence set forth in Paragraph 6 of the Complaint, and otherwise denies the allegations set forth in Paragraph 6 of the Complaint.

## PARTIES

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 7 of the Complaint, and thus denies those allegations.

8.      Defendant admits that it is a Florida limited liability company with its principal office located in Hollywood, Florida and that it provides its business activities throughout the State of Florida. Defendant denies the remaining allegations contained in Paragraph 8.

9.      Paragraph 9 states a legal conclusion to which no response is required. To the extent Paragraph 9 is deemed to require a response, Defendant denies that Plaintiff's overbroad use of the term "Defendant" is appropriate and states that the use of the term "Defendant" in this Answer refers solely to the named Defendant in this action, US Mortgage Lenders LLC.

## FACTS

10.     The allegations in paragraph 10 refer to a screenshot that speaks for itself. To the extent that the averments in paragraph 10 explain, characterize, interpret or paraphrase the screenshot, the same are denied. Defendant lacks information or knowledge regarding the remaining allegations of paragraph 10 and on that basis denies them.

11.     The allegations in paragraph 11 refer to a screenshot that speaks for itself. To the extent that the averments in paragraph 11 explain, characterize, interpret or paraphrase the screenshot, the same are denied. Defendant lacks information or knowledge regarding the remaining allegations of paragraph 11 and on that basis denies them.

12.     The allegations in paragraph 12 refer to a screenshot that speaks for itself. To the extent that the averments in paragraph 12 explain, characterize, interpret or paraphrase the screenshot, the same are denied. Defendant lacks information or knowledge regarding the remaining allegations of paragraph 12 and on that basis denies them.

13.     The allegations in paragraph 13 refer to a screenshot that speaks for itself. To the extent that the averments in paragraph 13 explain, characterize, interpret or paraphrase the screenshot, the same are denied. Defendant lacks information or knowledge regarding the remaining allegations of paragraph 13 and on that basis denies them.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 14 of the Complaint, and thus denies those allegations.

15.     Defendant denies the allegations contained in Paragraph 15.

16.     Defendant denies the allegations contained in Paragraph 16.

17.     Defendant denies the allegations contained in Paragraph 17.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 18 of the Complaint, and thus denies those allegations.

19.     Paragraph 19 states a legal conclusion about whether Defendant's alleged text messages constitute telemarking under the TCPA. As such, no response is required. To the extent Paragraph 19 is deemed to require a response, Defendant denies the allegations set forth in Paragraph 19.

20.     The allegations in paragraph 20 refer to a screenshot that speaks for itself. To the extent that the averments in paragraph 20 explain, characterize, interpret or paraphrase the screenshot, the same are denied. Defendant lacks information or knowledge regarding the remaining allegations of paragraph 20 and on that basis denies them.

21.     Defendant denies the allegations contained in Paragraph 21.

22.     Paragraph 22 states a legal conclusion about whether Defendant's alleged text messages were made for an emergency purpose or to collect on a debt under the TCPA. As such, no response is required. To the extent Paragraph 22 is deemed to require a response, Defendant denies the allegations set forth in Paragraph 22.

23.     Defendant denies the allegations contained in Paragraph 23.

24.     Defendant denies the allegations contained in Paragraph 24.

25.     Defendant denies the allegations contained in Paragraph 25.

26.     Defendant denies the allegations contained in Paragraph 26.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 27 of the Complaint, and thus denies those allegations.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 28 of the Complaint, and thus denies those allegations.

29.     Defendant denies the allegations contained in Paragraph 29.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 30 of the Complaint, and thus denies those allegations.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 31 of the Complaint, and thus denies those allegations.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 32 of the Complaint, and thus denies those allegations.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 33 of the Complaint, and thus denies those allegations.

34.     Defendant denies the allegations contained in Paragraph 34.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 35 of the Complaint, and thus denies those allegations.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 36 of the Complaint, and thus denies those allegations.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 37 of the Complaint, and thus denies those allegations.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 38 of the Complaint, and thus denies those allegations.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 39 of the Complaint, and thus denies those allegations.

40.     Paragraph 40 states a legal conclusion about the FTSA to which no response is required. To the extent Paragraph 40 is deemed to require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 40 and thus denies those allegations.

41.     Paragraph 41 states a legal conclusion about the FTSA to which no response is required. To the extent Paragraph 41 is deemed to require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 41 and thus denies those allegations.

42.     Paragraph 42 states a legal conclusion about the FTSA to which no response is required. To the extent Paragraph 42 is deemed to require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 42 and thus denies those allegations.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 43 of the Complaint, and thus denies those allegations.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 44 of the Complaint, and thus denies those allegations.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 45 of the Complaint, and thus denies those allegations.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 46 of the Complaint, and thus denies those allegations.

47.     Defendant denies the allegations contained in Paragraph 47.

48.     Defendant denies the allegations contained in Paragraph 48.

1:25-cv-20310-RKA; 8448-2501

## CLASS ALLEGATIONS

### PROPOSED CLASSES

49.     Defendant admits that Plaintiff purports to bring this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure but denies that a class should be certified. The Complaint speaks for itself. To the extent Paragraph 49 is deemed to require a response, Defendant denies the allegations set forth in Paragraph 49 and denies that class certification is appropriate in this matter.

50.     Paragraph 50 states a legal conclusion to which no response is required. To the extent Paragraph 50 is deemed to require a response, Defendant denies the allegations set forth in Paragraph 50, denies that the above are appropriate class definitions, and denies that class certification is appropriate in this matter

51.     Paragraph 51 states a legal conclusion to which no response is required. To the extent Paragraph 51 is deemed to require a response, Defendant denies the allegations set forth in Paragraph 51 and denies that class certification is appropriate in this matter.

52.     Paragraph 52 states a legal conclusion to which no response is required. To the extent Paragraph 52 is deemed to require a response, Defendant denies the allegations set forth in Paragraph 52 and denies that class certification is appropriate in this matter.

### NUMEROSITY

53.     The allegations of paragraph 53 are conclusions of law to which no response is required and are, therefore, denied. To the extent this paragraph contains factual allegations, they are denied. Defendant further denies that this case can be maintained as a class action

54.     Defendant denies maintaining any records that can be used to ascertain the number and identities of the putative class members. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations set forth in Paragraph 54 and thus denies those allegations.

1:25-cv-20310-RKA; 8448-2501

### COMMON QUESTIONS OF LAW AND FACT

55.     Paragraph 55 states a legal conclusion to which no response is required. To the extent Paragraph 55 is deemed to require a response, Defendant denies the allegations set forth in Paragraph 55, including all sub-parts, and denies that class certification is appropriate in this matter

56.     Paragraph 56 states a legal conclusion to which no response is required. To the extent Paragraph 56 is deemed to require a response, Defendant denies the allegations set forth in Paragraph 56 and denies that class certification is appropriate in this matter.

### TYPICALITY

57.     Paragraph 57 states a legal conclusion to which no response is required. To the extent Paragraph 57 is deemed to require a response, Defendant denies the allegations set forth in Paragraph 57 and denies that class certification is appropriate in this matter.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

58.     Paragraph 58 states a legal conclusion to which no response is required. To the extent Paragraph 58 is deemed to require a response, Defendant denies the allegations set forth in Paragraph 58 and denies that class certification is appropriate in this matter.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

59.     Paragraph 59 states a legal conclusion to which no response is required. To the extent Paragraph 59 is deemed to require a response, Defendant denies the allegations set forth in Paragraph 59 and denies that class certification is appropriate in this matter.

60.     Paragraph 60 states a legal conclusion to which no response is required. To the extent Paragraph 60 is deemed to require a response, Defendant denies the allegations set forth in Paragraph 60 and denies that class certification is appropriate in this matter.

1:25-cv-20310-RKA; 8448-2501

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(c)(2)**
**(On Behalf of the Plaintiff and the TCPA "STOP" Class)**

61.     Defendant repeats and realleges each and every response set forth in the preceding paragraphs of its Answer to the Complaint as if fully set forth at length herein.

62.     The allegations in Paragraph 62 constitute conclusions of law to which no response is required. To the degree a response is deemed necessary, Defendant states only that the statutes and regulations underlying the TCPA speak for themselves as to their terms, contents, and purposes. Defendant denies the allegations in Paragraph 62 to the degree they do not accurately describe the terms, contents, and purposes of the TCPA.

63.     The allegations in Paragraph 63 constitute conclusions of law to which no response is required. To the degree a response is deemed necessary, Defendant states only that the statutes and regulations underlying the TCPA speak for themselves as to their terms, contents, and purposes. Defendant denies the allegations in Paragraph 63 to the degree they do not accurately describe the terms, contents, and purposes of the TCPA.

64.     Defendant denies the allegations contained in Paragraph 64.

65.     Defendant denies the allegations contained in Paragraph 65.

66.     Defendant denies the allegations contained in Paragraph 66.

67.     Defendant denies the allegations contained in Paragraph 67.

68.     Defendant denies the allegations contained in Paragraph 68.

69.     Defendant denies the allegations contained in Paragraph 69.

70.     Defendant denies the allegations contained in Paragraph 70.

71.     Defendant denies the allegations contained in Paragraph 71.

72.     Defendant denies the allegations contained in Paragraph 72.

73.     Defendant denies the allegations contained in Paragraph 73.

74.     Defendant denies the allegations contained in Paragraph 74.

75.     Paragraph 75 states a legal conclusion to which no response is required. To the extent Paragraph 75 is deemed to require a response, Defendant denies the allegations set forth in Paragraph 75.

1:25-cv-20310-RKA; 8448-2501

## COUNT II
### VIOLATION OF FLA. STAT. § 501.059(5)
### (On Behalf of Plaintiff and the FTSA "STOP" Class)

76.     Defendant repeats and realleges each and every response set forth in the preceding paragraphs of its Answer to the Complaint as if fully set forth at length herein.

77.     The allegations in Paragraph 77 constitute conclusions of law which purport to characterize the FTSA, to which no response is required. To the degree a response is deemed necessary, Defendant states only that the statutes and regulations underlying the FTSA speak for themselves as to their terms, contents, and purposes. Defendant denies the allegations in Paragraph 77 to the degree they do not accurately describe the terms, contents, and purposes of the FTSA.

78.     The allegations in Paragraph 78 constitute conclusions of law which purport to characterize the FTSA, to which no response is required. To the degree a response is deemed necessary, Defendant states only that the statutes and regulations underlying the FTSA speak for themselves as to their terms, contents, and purposes. Defendant denies the allegations in Paragraph 78 to the degree they do not accurately describe the terms, contents, and purposes of the FTSA.

79.     The allegations in Paragraph 79 constitute conclusions of law which purport to characterize the FTSA, to which no response is required. To the degree a response is deemed necessary, Defendant states only that the statutes and regulations underlying the FTSA speak for themselves as to their terms, contents, and purposes. Defendant denies the allegations in Paragraph 79 to the degree they do not accurately describe the terms, contents, and purposes of the FTSA.

80.     Defendant denies the allegations contained in Paragraph 80.

81.     Defendant denies the allegations contained in Paragraph 81.

82.     Defendant denies the allegations contained in Paragraph 82.

83.     Defendant denies the allegations contained in Paragraph 83.

84.     Defendant denies the allegations contained in Paragraph 84.

85.     Defendant admits that Plaintiff requests for this Court to enter an order granting the relief outlined in his Prayer for Relief, but denies that Plaintiff is entitled to any relief.

## COUNT III
## VIOLATION OF FLA. STAT. § 501.059(8)(a)
### (On Behalf of Plaintiff and the FTSA Autodialer Class)

86.     Defendant repeats and realleges each and every response set forth in the preceding paragraphs of its Answer to the Complaint as if fully set forth at length herein.

87.     The allegations in Paragraph 87 constitute conclusions of law which purport to characterize the FTSA, to which no response is required. To the degree a response is deemed necessary, Defendant states only that the statutes and regulations underlying the FTSA speak for themselves as to their terms, contents, and purposes. Defendant denies the allegations in Paragraph 87 to the degree they do not accurately describe the terms, contents, and purposes of the FTSA.

88.     The allegations in Paragraph 88 constitute conclusions of law which purport to characterize the FTSA, to which no response is required. To the degree a response is deemed necessary, Defendant states only that the statutes and regulations underlying the FTSA speak for themselves as to their terms, contents, and purposes. Defendant denies the allegations in Paragraph 88 to the degree they do not accurately describe the terms, contents, and purposes of the FTSA.

89.     Defendant denies the allegations contained in Paragraph 89.

90.     Defendant denies the allegations contained in Paragraph 90.

91.     Defendant denies the allegations contained in Paragraph 91.

92.     Defendant denies the allegations contained in Paragraph 92.

93.     Defendant admits that Plaintiff request for this Court to enter an order granting the relief outlined in his Prayer for Relief, but denies that Plaintiff is entitled to any relief.

### PRAYER FOR RELIEF

Answering the "PRAYER FOR RELIEF" beginning with "WHEREFORE," including the subparts thereof, Defendant denies each and every allegation contained therein, and denies that Plaintiff is entitled to any of the relief sought. Defendant expressly denies that it is liable to Plaintiff or members of the alleged putative class for any alleged damages or relief of any kind, including damages or relief required in the Prayer for Relief section of the Complaint or any other paragraph of the Complaint.

## JURY DEMAND

No response is required to Plaintiff's demand for a trial by jury. USML demands a jury trial.

## DOCUMENT PRESERVATION DEMAND

94.     No response is required to Plaintiff's "Document Preservation Demand" contained in Paragraph 94 of the Complaint. Defendant will follow all relevant Federal Rules of Civil Procedure and other laws related to the preservation of documents.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without assuming the burden of proof on such defenses that otherwise would rest on Plaintiff, and without prejudice to its Answer above:

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff has not sufficiently alleged that Defendant initiated, directed, controlled, or authorized the transmission of any of the alleged text messages. Plaintiff fails to allege facts showing that any message was sent using an automatic telephone dialing system or prerecorded voice as required under the TCPA, or that such message constituted a "telephonic sales call" within the meaning of the FTSA. Plaintiff also fails to identify the content of the messages, whether they were transactional or promotional in nature, whether Plaintiff provided prior express written consent, or whether Plaintiff attempted to revoke consent. As a result, the allegations do not meet the pleading standard required to sustain claims under the TCPA or FTSA.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff lacks standing to assert the claims alleged in the Complaint. Plaintiff has not suffered an injury-in-fact that is concrete, particularized, and actual or imminent. The receipt of a single or isolated text message, without more, does not give rise to actionable harm under Article III or the statutes invoked, and the statutory damages sought are disproportionate to any alleged impact. Plaintiff also fails to allege facts showing that any purported injury is fairly traceable to conduct by Defendant. As such, Plaintiff lacks Article III, statutory, and prudential standing and cannot maintain the claims individually or on behalf of any putative class. The

12

Complaint is further barred to the extent that Plaintiff or any other member of a putative class has not suffered actual damages or concrete harm sufficient to confer standing or invoke this Court's subject matter jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

3.      Defendant did not personally send or initiate any of the Subject Text Messages. Any messages Plaintiff may have received were sent by an independent contractor, Rafael Mauricio Urbina, who acted without Defendant's authorization and outside the scope of any relationship Urbina had with Defendant. Plaintiff's allegations are insufficient to impute liability to Defendant for conduct it neither directed nor ratified.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims fail because there is no basis for vicarious liability. Defendant is not vicariously liable for the conduct of independent contractors, including Urbina. Urbina's unauthorized messaging activity violated explicit terms of his Independent Contractor Agreement, which prohibited mass marketing or advertising without prior written approval. Plaintiff has not alleged facts establishing an agency relationship sufficient to support vicarious liability under federal or Florida law. *See Restatement (Third) of Agency* § 7.07; *see also Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 448 (9th Cir. 2018) (principal not vicariously liable for contractor's TCPA violation absent actual authority).

## FIFTH AFFIRMATIVE DEFENSE

5.      To the extent any text messages were sent, they were sent with Plaintiff's prior express consent or prior express written consent. Plaintiff has not adequately alleged the absence of such consent, nor identified the precise method by which consent was revoked. Consent defeats liability under both the TCPA and FTSA.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff failed to revoke any consent in a reasonable and effective manner. Plaintiff did not notify Defendant directly or utilize any approved opt-out mechanisms. Moreover,

13

Defendant never received any "STOP" request or similar communication regarding Plaintiff's alleged revocation of consent.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims are barred, in whole or in part, by the doctrine of failure to mitigate damages. Plaintiff failed to take reasonable steps to avoid or reduce any alleged harm, including by failing to notify Defendant of the unwanted messages, failing to respond in a manner that would have prompted cessation of communications, and failing to utilize reasonable opt-out mechanisms. Plaintiff did not seek clarification or assistance, nor did Plaintiff take any meaningful action to prevent the alleged conduct.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Defendant acted at all times in good faith and in accordance with reasonable procedures intended to comply with the law. If any violation occurred (which Defendant denies), it was the result of bona fide error despite the existence of procedures reasonably adapted to avoid such error.

## NINTH AFFIRMATIVE DEFENSE

9.      Defendant has implemented, maintained, and enforced internal compliance policies reasonably designed to comply with the TCPA, FTSA, and related federal and state regulations, including 47 C.F.R. § 64.1200(d). These measures include onboarding procedures, written independent contractor agreements, personnel training, and an express prohibition on unauthorized advertising. To the extent any text message was improperly sent, which Defendant denies, Defendant is entitled to the protection of applicable safe harbor provisions. *See Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265–66 (11th Cir. 2019).

## TENTH AFFIRMATIVE DEFENSE

10.      Defendant did not use an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1), nor did it use any prerecorded or artificial voice message. Any such tools, if used, were employed by third parties without Defendant's knowledge or involvement.

1:25-cv-20310-RKA; 8448-2501

## ELEVENTH AFFIRMATIVE DEFENSE

11.     The alleged text messages do not constitute "telemarketing" or "telephone solicitations" under the TCPA or FTSA. Plaintiff does not allege sufficient facts to establish that the purpose of the messages was to promote the sale of goods or services.

## TWELFTH AFFIRMATIVE DEFENSE

12.     To the extent Plaintiff seeks statutory damages or injunctive relief for lawful commercial speech, or seeks to hold Defendant liable without fault, the claims violate Defendant's rights under the First and Fourteenth Amendments to the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, waiver, estoppel, laches, and unjust enrichment. Plaintiff voluntarily initiated or consented to communications related to mortgage or real estate services and now seeks to penalize Defendant for those same communications. Moreover, Plaintiff failed to act reasonably to prevent the alleged conduct and seeks statutory damages where no actual harm occurred.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     This action is not maintainable as a class action, and relief on a class-wide basis is not appropriate because Plaintiff has not and cannot establish the facts and prerequisites necessary for the maintenance of a class action. This suit may not be properly maintained as a class action because: (1) Plaintiff has failed to plead, and cannot establish, the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (3) common issues of fact or law do not predominate; to the contrary, individual issues predominate, including but not limited to consent, revocation, and business-use determinations; (4) Plaintiff's claims are not representative or typical of the claims of the putative class, as Plaintiff did not receive the alleged text messages and cannot show harm; (5) Plaintiff is not a proper class representative; (6) Plaintiff is not an adequate representative for the alleged putative class; and/or (7) Plaintiff cannot satisfy the requirements for

class action treatment, and class action treatment is neither appropriate nor constitutional. Defendant opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Defendant's objection, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's claims and the claims of putative class members do not entitle them to: actual, general, special, incidental, statutory, treble, or other multiple, punitive, or consequential damages; pre-judgment and post-judgment interest; injunctive and/or declaratory relief; and/or attorneys' fees and costs.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's class allegations fail to satisfy any of the express or implied requirements of Federal Rule of Civil Procedure 23(a)–(b).

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's claims are barred to the extent Plaintiff or any putative class member consented to receive communications from Defendant as part of a valid contractual arrangement or ongoing business relationship.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Any and all messages sent by Defendant were not telemarketing or advertisements, but were instead informational, transactional, or otherwise not subject to the restrictions of the TCPA or FTSA.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claims are barred, in whole or in part, to the extent they fall outside the jurisdictional scope of the TCPA or FTSA, including because the number at issue was not a personal or residential number, or was used for business purposes. Indeed, the phone number at issue was not "residential," and Plaintiff is not a "consumer" within the meaning of the TCPA or FTSA.

1:25-cv-20310-RKA; 8448-2501

**TWENTIETH SIXTEENTH AFFIRMATIVE DEFENSE**

20.     The claims are barred because Defendant has implemented and maintained written compliance policies and procedures, including training programs and internal Do-Not-Call policies, sufficient to satisfy safe harbor protections under the TCPA and FTSA.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     Plaintiff's claims fail to the extent they rely on alleged text messages sent by third parties, and Defendant cannot be held vicariously liable for conduct it did not authorize, direct, or ratify.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     Plaintiff's claims fail because the phone number allegedly associated with Plaintiff may not have been under Plaintiff's control, and Plaintiff may not be the "called party" as defined under the TCPA.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.     Defendant did not use an "automatic telephone dialing system" as defined by law, and Plaintiff's claims fail as a matter of law on that basis.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.     Plaintiff's claims are barred, in whole or in part, because the alleged text messages do not constitute "telephone solicitations" under 47 U.S.C. § 227(a)(4) or "telephonic sales calls" under section 501.059(1)(j), Florida Statutes. The communications at issue were not initiated for the purpose of persuading or urging Plaintiff to *pay* for any property, goods, or services. Rather, the alleged messages merely encouraged Plaintiff to *use* services offered free of charge—without soliciting payment or attempting to induce a purchase. The TCPA only applies to communications initiated with the intent to encourage a purchase or commercial transaction involving payment. Because the messages were not sent to persuade Plaintiff to pay for anything, the claims fall outside the scope of the statutes. *See Hulce v. Zipongo Inc.*, No. 24-1623, 2025 WL 829603, at *5 (7th Cir. Mar. 17, 2025) (affirming summary judgment where communications encouraged recipient to *use* services that were free to him and did not encourage payment).

17

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     The alleged text message, if any, was directed to inform a broker about services relevant to clients and not to persuade the recipient to purchase services themselves, and thus falls outside the definition of a "telephonic sales call." Moreover, the term "telephone call" as used in the TCPA does not include text messages, and any interpretation to the contrary exceeds the scope of the statute. To the extent Plaintiff seeks to apply the TCPA to text messages, his claims are not legally cognizable. *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024).

## RESERVATION OF RIGHTS

Defendant expressly reserves all of its rights, whether at law or equity, to amend its Answer to the Complaint to assert any additional affirmative defense or assert any affirmative claims against any party or non-party during or upon the completion of investigation and discovery.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant demands judgment against Plaintiff and in favor of Defendant as follows:

a.      Denying all relief sought by Plaintiff and/or putative class members and dismissing the Complaint in its entirety, with prejudice;

b.      Awarding Defendant its attorneys' fees and costs to the maximum extent permitted by law; and

c.      Granting Defendant such other and further relief as this Court deems just and proper.

Dated: April 2, 2025.                         Respectfully submitted,

/s/ Drew K. Patterson
Drew K. Patterson
Florida Bar No. 1030836
drew@roberteckardlaw.com
ashley@roberteckardlaw.com
service@roberteckardlaw.com
ROBERT ECKARD & ASSOCIATES, P.A.
3110 Palm Harbor Blvd.
Palm Harbor, FL 34683
Telephone: (727) 772-1941
*Counsel for Defendant, US Mortgage Lenders LLC*

18

## CERTIFICATE OF SERVICE

I certify that on April 2, 2025, I served a copy of the foregoing electronically via CM/ECF to all parties/attorneys on the list to receive notice in this case, including but not limited to the following:

| | |
|---|---|
| Andrew J. Shamis, Esq. | Scott Edelsberg, Esq. |
| Garrett O. Berg, Esq. | EDELSBERG LAW, P.A. |
| Christopher E. Berman, Esq. | 20900 NE 30th Avenue Suite 417 |
| ashamis@shamisgentile.com | Aventura, FL 33180 |
| gberg@shamisgentile.com | Telephone: (786) 289-9471 |
| cberman@shamisgentile.com | scott@edelsberglaw.com |
| *Counsel for Plaintiff and the Class* | *Counsel for Plaintiff* |

*/s/ Drew K. Patterson*
Drew K. Patterson

19

1:25-cv-20310-RKA; 8448-2501